UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY GARMONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE STATE OF NEVADA, ex rel. THE NEVADA SUPREME COURT; JUSTICE JAMES W. HARDESTY, in his official and individual capacities; JUSTICE MARK GIBBONS, in his official and individual capacities; JUSTICE MICHAEL DOUGLAS, in his official and individual capacities; JUSTICE NANCY M. SAITTA, in her official and individual capacities; and JUSTICE RON D. PARRAGUIRRE, in his official and individual capacities,<br><br>　　　　　Defendants. | Case No. 2:16-cv-00718-APG-CWH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 28) |

　　　Plaintiff Gregory Garmong brings federal and state law claims against the State of Nevada and the individual justices of the Supreme Court of Nevada arising from the Court's handling of appeals from state court decisions involving Garmong.  The defendants move to dismiss the complaint, contending that each of Garmong's theories is a "de facto appeal" of the Nevada Supreme Court's decisions, which lower federal courts may not entertain.  I agree.

　　　Lower federal courts may not review state court decisions—Congress limited such review to the United States Supreme Court. *See Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923); *D.C. Court of Appeals, et al. v. Feldman,* 460 U.S. 462 (1983).  This so-called *Rooker-Feldman* doctrine bars district courts from exercising jurisdiction "not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in

substance, anything other than a prohibited appeal of the state-court judgment." *Id.* at 779 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).  Phrased another way, district court review is barred if "adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules . . . ." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  Nor may a litigant "attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." *Holt v. Lake Cty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005).

Garmong alleges that the Supreme Court of Nevada and the individual defendant Justices have "failed to consider basic issues of jurisdiction, have failed to consider their own precedent and other Nevada law, have failed to apply the law equally to various litigants as the Fourteenth Amendment and the Constitution of the State of Nevada require, and have failed to offer any reasoned basis for their various decisions." ECF No. 1 at 1.  These allegations concern that Court's handling of his legal claims.  For me to find in Garmong's favor, I would need to evaluate the adequacy of the Supreme Court of Nevada's application of state procedural and substantive law.  This is the heart of what *Rooker-Feldman* bars.[1]  Thus, I am barred from considering Garmong's claims, and I must dismiss his complaint.

"[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," particularly if the plaintiff has not already been given a chance to amend. *Balisteria v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990).  That said, "futile amendments should not be permitted." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (quotations omitted).  Because Garmong's grievances with the Supreme Court of

---

[1] This case is nearly identical to an unreported Ninth Circuit decision. *See Cook v. Colorado Appeals Court*, 213 F. App'x 616, 617–18 (9th Cir. 2006) ("We reject Cook's contention that defendants' alleged commission of civil rights violations during his divorce proceeding takes his complaint out of the *Rooker-Feldman* ambit because that argument still rests on a claim of legal wrong by the state courts.").

Nevada arise entirely from its treatment of his cases, he cannot cast his complaint in such a way as to avoid application of the *Rooker-Feldman* doctrine. I therefore deny him leave to amend.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 28) is GRANTED**. The clerk of court shall enter judgment in favor of the defendants and against the plaintiff.

DATED this 15th day of March, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE